UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA G. CAVAZOS AND | § | |
| HUMBERTO G. CAVAZOS | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:17-cv-368 |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND ERIC HUNSICKER | § | |
| *Defendants* | § | |

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit which is currently pending in the 92nd Judicial District of Hidalgo County, Texas, Cause No. C-3818-17-A, to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### I.
### BACKGROUND

1.  On August 18, 2017, Plaintiffs filed their Original Petition styled *Maria G. Cavazos and Humberto G. Cavazos v. Allstate Vehicle and Property Insurance Company and Eric Hunsicker,* in the 92nd Judicial District of Hidalgo County, Texas, Cause No. C-3818-17-A, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy. *See Plaintiffs' Original Petition*, Exhibit A.

{00378916} 1

2. Plaintiffs' Original Petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of common law duty of good faith. *Id.*

3. Plaintiffs served Defendant Allstate with Plaintiffs' Original Petition on August 31, 2017, via certified mail. *See Service of Process Transmittal,* Exhibit B.

4. Defendant Eric Hunsicker ("Hunsicker") is a resident of Florida. Plaintiffs sought to serve Hunsicker with Plaintiffs' Original Petition by certified mail sent to a P.O. Box address in Dallas, Texas. The executed return of service is signed by an unknown individual, and is not signed by Defendant Hunsicker. *See Return of Service,* Exhibit C. Accordingly, Defendant Hunsicker has not yet been properly served. *Id.*

5. Defendant Allstate did not file an answer in State Court.

6. The State Court's Record Search including Case History for this matter is attached herein. *See State Court Case History Docket Sheet,* Exhibit D.

## II.
## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, Defendant would show the amount in controversy, exclusive of interest and costs exceeds $75,000.00, as evidenced by Plaintiffs' Original Petition.

### A. Parties are Diverse

8. Plaintiffs, Maria G. Cavazos and Humberto G. Cavazos, are natural persons who reside in Hidalgo County, Texas. *See Exhibit A,* p. 1. Plaintiffs have not pled any other facts of their residency, intention to leave Texas, or domiciles in other states. *Id.* Accordingly, Defendant

asserts that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

9. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principle place of business in Northbrook, Cook County, in the State of Illinois. Defendant Allstate is thus a citizen of the State of Illinois.

10. Defendant Hunsicker is an adjuster. Hunsicker is not a resident of Texas, but a citizen of the State of Florida. *See Texas Department of Insurance Agent Profile,* Exhibit E. As stated above, a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985). Accordingly, diversity of citizenship exists among the parties.

### B. Amount in Controversy

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for

which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

    a. *Plaintiffs' Petition and demand*

12.    Here, Plaintiffs' petition seeks to recover actual damages, three times actual damages, exemplary damages, treble damages, eighteen (18) percent interest per annum, compensatory damages, and reasonable and necessary attorney's fees. *See Exhibit A,* p. 10. Plaintiffs have also provided a demand wherein they indicate the estimate of cost to repair damages resulting from the wind and/or hail storm is $142,640.03. *See Plaintiffs' demand,* Exhibit F. The potential amount of Plaintiffs' damages, when considering Plaintiffs' alleged estimate and potential exemplary and treble damages, greatly exceeds $75,000.00.

13.    Plaintiffs' pleading includes a claim for relief, which states, in relevant part:

> "...Plaintiff seeks monetary relief, the maximum of which is below $75,000.00. **The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment interest at the highest legal rate.**"

*Exhibit A*, p. 11 (emphasis added).

14.    While Texas Rule of Civil Procedure prohibits a plaintiff from declaring a specific amount in controversy, it is clear that Plaintiffs' pleading attempts to avoid federal jurisdiction with such language. However, Plaintiffs' pleading is insufficient in that regard as it expressly allows for recovery and a judgment in excess of $75,000.00, should a jury so determine. *See Id.* The language of a pleading can serve as a binding stipulation only when the Plaintiff indicates that a plaintiff will <u>neither seek nor accept</u> an award in excess of the jurisdictional amount. *See Mokhtari v. Geovera Specialty Ins. Co.,* No. H-14-3676, 2015 WL 2089772, at *2; *Williams v. Companion Prop. & Cas. Ins. Co.,* No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013)(citing *De Aguilar v. Boeing,* 47 F.3d 1404, 1411-12 (5th Cir. 1995)); *Espinola-E v.*

*Coahoma Chemical Co.,* 248 F.3d 1138 (5th Cir. 2001)(per curium)(unpublished) ("[A] binding stipulation that a plaintiff *will not accept* damages in excess of the jurisdictional amount defeats diversity jurisdiction...")(emphasis added). As established herein, the amount in controversy clearly exceeds $75,000.

      *b. Plaintiffs' Insurance Policy with Allstate*

15.    To determine the amount in controversy, the court may consider "policy limits, penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Circ. 1998). In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected." *Id.* For claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2000).

16.    Here, the subject homeowners' policy forms the contractual basis for Plaintiffs' breach of contract claim. *See Exhibit A,* p. 2. The policy provides the following limits of liability coverage to Plaintiffs' property at issue as follows:

- Dwelling – $302,869.00
- Other Structures – $15,144.00
- Personal Property – $90,861.00

*See Certified Policy, Exhibit G.*

17.    It is this policy which serves as the basis of Plaintiffs' breach of contract claim. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, the limits for the dwelling alone, without combining with

the additional applicable property coverages under the policy, implicate an amount in controversy above the $75,000.00 jurisdictional threshold.

18.     Taking into consideration the ambiguous pleading, Plaintiffs' estimate referenced in their demand, the policy limits applicable to this specific occurrence, the breach of contract claim directly asserted in the petition, as well as statutory penalties, attorney's fees, additional damages, and compensatory damages it is clear the amount in controversy exceeds $75,000.00.

### III.
### REMOVAL IS PROCEDURALLY PROPER

19.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

20.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Hidalgo County, Texas, the place where the State Court suit was filed.

21.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

22.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Hidalgo County District Court.

23.     Defendant Hunsicker has not been properly served, and therefore, his consent to removal is not required. 28 U.S.C. §1446(b).

### IV.
### ATTACHMENTS

24.     Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with his notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet

- Exhibit A:   Plaintiffs' Original Petition
- Exhibit B:   Service of Process Transmittal
- Exhibit C:   Return of Service (signed by unknown, non-party)
- Exhibit D:   State court docket sheet
- Exhibit E:   Texas Department of Insurance Agent Profile
- Exhibit F:   Plaintiffs' demand
- Exhibit G:   Certified policy
- Exhibit H:   Index of matters being filed
- Exhibit I:   List of all counsel of record

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against him for the reasons set forth above, and grant Defendant any such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on September 25, 2017, in the manners prescribed below:

Larry Lawrence
LAWRENCE LAW FIRM
3112 Windsor Road, Ste. A234
Austin, Texas 78703
Lory Sopchak
CARTWRIGHT LAW FIRM
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
*Counsel for Plaintiff*

                                                                                              */s/* Robert E. Valdez
                                                                                              Robert E. Valdez