UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **MARIA G. CAVAZOS AND** | § | |
| **HUMBERTO G. CAVAZOS** | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:17-cv-368 |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | |
| **AND ERIC HUNSICKER** | § | |
| *Defendants* | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL UNDER RULE 9(B) AND 12(B)(6)**

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") moves for partial dismissal under Federal Rules of Procedural 12(b)(6), and 9(b), as to Plaintiffs' claims against it for misrepresentation and fraud and respectfully shows the Court as follows:

**I.**
**SUMMARY OF MOTION**

1. This case arises out of damages to Plaintiffs' insured property allegedly caused by a wind and hail storm. Plaintiffs' claims for statutory misrepresentation, fraud and conspiracy to commit fraud against Defendant should be dismissed because Plaintiffs' Original Petition is devoid of factual assertions sufficient to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure for such claims.

**II.**
**BACKGROUND**

2. Allstate Vehicle and Property Insurance Company ("Allstate") issued Plaintiffs a homeowner's policy which was in effect at the alleged time of the alleged loss made basis of this suit. *See Plaintiffs' Original Petition,* Exhibit A, ¶8.

3. On or about May 31, 2016, Plaintiffs' property located at 714 Patsy, Hidalgo, Texas 78557, allegedly suffered losses in the form of wind and hail damages. *Id, ¶9.* Plaintiffs reported the claim to Allstate. *Id, ¶11.*

4. On August 18, 2017, Plaintiffs filed this suit against Defendants in Hidalgo County District Court, generally alleging Defendants underscoped and undervalued the damage to Plaintiffs' property. *See id., generally.*

5. Defendants timely removed this case to this Court on September 25, 2017, on the grounds of diversity citizenship. *See Defendant's Notice of Removal.* [Dkt. No. 1]. Defendant Allstate is a citizen of the State of Illinois. Defendant Hunsicker is a resident of the State of Florida.

6. As against Allstate and Hunsicker, Plaintiffs' Original Petition asserts various Texas Insurance Code violations, fraud and conspiracy to commit fraud. *Id.* at ¶¶. 23-31. As against Allstate, Plaintiffs assert breach of contract, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 32-44.

7. Plaintiffs' claims include statutory misrepresentation under the Texas Insurance Code. Specifically, Plaintiffs asserts that both Defendants violated Section 541.060(a)(1), by "misrepresenting" material facts concerning Plaintiffs' coverage. *See Id., ¶25.* Further, Plaintiffs assert fraud and conspiracy to commit fraud based upon the alleged underscoping of the storm claim. *Id., ¶¶ 29-31.* Plaintiffs' pleadings, however, provide no factual allegations to support these causes of action.

8. Defendant Hunsicker has not been served with process.

9. As established below, Plaintiffs do not allege facts sufficient to satisfy the heightened pleading requirements under Rule 9(b), but instead, merely asserts conclusory allegations and paraphrasing of the elements of the statutes. As such, Plaintiffs' claim for statutory

misrepresentation under the Texas Insurance Code, fraud and conspiracy to commit fraud should be dismissed.

### III.
#### ARGUMENTS AND AUTHORITY

**A. Heightened Federal Pleading Standard for Claims Sounding in Fraud**

12. Plaintiffs' claims for misrepresentation and fraud under the Texas Insurance Code should be dismissed because Plaintiffs' Original Petition fails to meet the heightened federal pleading standard for such claims.

13. Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). The rule "applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not" and therefore applies to statutory claims which are based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris,* 27 F.3d 1097, 1100 n. 6 (5th Cir. 1994). That is, claims "alleging violations of the Texas Insurance Code and the [DTPA] … are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America,* 9 F.Supp.2d 734, 742-43 (S.D. Tex. 1998); *see also Berry v. Indianapolis Life Ins. Co.,* 608 F.Supp.2d 785, 800 (N.D. Tex. 2009)(applying heightened pleading standard to DTPA and Insurance Code claims); *Hernandez v. Ciba-Geigy Corp., USA,* 200 F.R.D. 285, 290-91 (S.D. Tex. 2001)(same).

14. A dismissal for failure to plead with particularity is treated the same as a Rule 12(b)(6) failure to state a claim. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d. 1015, 1017 (5th Cir. 1996).

Under Rule 12(b)(6), a plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**B. Plaintiffs' Misrepresentation and Fraud Claims Against Defendant Should Be Dismissed for Failure to Plead With Particularity as Required by Rule (9)(b)**

15.     Here, Plaintiffs' Original Petition does not allege sufficient facts to support their claim for misrepresentation or fraud under Rule 9(b) or Rule 12(b)(6). The only substantive facts in Plaintiffs' petition are the basic identifying information of the claim (relationship of parties, the subject policy, and the alleged date of loss). *See Id.,* ¶¶ 6-10. The remaining allegations are merely recitations of the statutory elements and conclusory, generic, legal conclusions. *See Id., generally.*

      *i.*    *Misrepresentation Claims*

16.     With regards to alleged misrepresentations, Plaintiffs specifically alleges as follows:

> Defendant Allstate has misrepresented to Plaintiffs there was not damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

*Id.,* ¶ 14.

> Defendant Allstate performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

*Id.,* ¶ 17

> Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

*Id.,* ¶ 21.

17. That is, Plaintiffs' purported facts are merely paraphrases of the statutory language and conclusory statements of Plaintiffs' own legal conclusions. Plaintiffs do not describe who made any alleged misrepresentation, or in what way Plaintiffs relied on them, or any damages caused by such misrepresentation. Notably, Plaintiffs make the above allegations about Allstate, but does not state *any* facts with regards to alleged misrepresentations made by Hunsicker. *Id., generally.* The allegations in Plaintiffs' Original Petition are precisely the sort of threadbare recitations of the elements of a cause of action, supported by mere conclusory statements that do not suffice under the Federal Rules. *See Iqbal,* 129 S. Ct. 1937, 1947 (2009).

18. Similar to the instant case, in *Hart v. Nationwide Property & Cas. Ins. Co.,* the plaintiff alleged that the insurer committed statutory violations by misrepresenting that damages were not covered, stating that the damages were less severe than they were, and in denying or underpaying the claim. 2011 WL 2210034, *4 (S.D. Tex. 2011) (Harmon, J.) (not designated for publication). In dismissing the plaintiff's extra-contractual claims, the Court in *Hart,* noted that the "averments about [the insurer's] 'misrepresentations' for purposes of her claims of fraud or claims of violations of the Texas Insurance Code are vague and conclusory…." *Id.,* at *5. The Court further explained:

> Not only are the complaints averments vague and general, but Plaintiff also fails to identify a single specific representation by Nationwide or its representatives, no less an actionable one, she does not specify the speaker or the person who performed allegedly deceptive conduct… explain how Plaintiff relied on such…

*Id.*

19. In the instant case, Plaintiffs' Original Petition fails to assert claims for misrepresentation under the Texas Insurance Code as against Allstate and Hunsicker, and such claims should be dismissed.

    *ii.    Fraud Claims*

20. Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b); *United States v. Dow Chem. Co.*, 343 F3d 325, 328 (5th Cir. 2003). In support of their fraud and conspiracy to commit fraud causes of action against Defendants, Plaintiffs state the following:

> "Defendants Allstate and Hunsicker are liable to Plaintiffs for common law fraud."

*Exhibit A,* ¶ 28.

> "Defendants made material misrepresentations to Plaintiffs as to the extent of their damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the misrepresentations, as described above, concern material facts relied upon by Plaintiffs which Defendants, Allstate and Hunsicker, knew were false or made recklessly without any knowledge of their truth as a positive assertion."

*Id.,* ¶ 29.

> "Defendants Allstate and Hunsicker were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants, Allstate and Hunsicker, committed an unlawful, overt act to further the object of the conspiracy. Plaintiffs suffered injury as a proximate result."

*Id.,* ¶ 31.

21. Despite alleging Allstate and Hunsicker made misrepresentations constituting fraud, Plaintiffs do not identify any representations made by the Defendants, or any reliance by Plaintiffs. *See Exhibit A*, *generally*. As such, Plaintiffs' Original Petition should be dismissed in

part because Plaintiffs fail to state a claim for fraud or conspiracy to commit fraud against Defendants with sufficient particularity to meet the standards of Rule 9(b). *See Stewart v. Nationwide Prop. & Cas. Ins. Co.*, CIV.A. H-10-3021, 2011 WL 4592256, at *4 (S.D. Tex. Sept. 29, 2011)(dismissing plaintiff's fraud claims as plaintiff's allegations that defendant committed fraud through various misrepresentations about coverage under policy were insufficient to state a claim for fraud); *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, 4:10-CV-4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept. 13, 2012).

## CONCLUSION

22. Plaintiffs' Original Petition should be dismissed in part because Plaintiffs fail to state a claim for misrepresentation under the Texas Insurance Code, fraud, and conspiracy to commit fraud with sufficient particularity to meet the standards of Rule 9(b).

WHEREFORE, ALL PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company respectfully requests the Court partially dismiss Plaintiffs' Original Petition with regard to Plaintiffs' fraud and misrepresentation claims asserted under the Texas Insurance Code pursuant to Rule 9(b) and Rule 12(b)(6).

Respectfully submitted,

By: */s/ Robert E. Valdez*
    **Robert E. Valdez**
    State Bar No.20428100
    S.D. Tex. Bar No. 9816
    *revaldez@valdeztrevino.com*

**VALDEZ & TREVIÑO**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone:   (210) 598-8686
Facsimile:   (210) 598-8797

*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this 2nd day of October, 2017.

Larry Lawrence
LAWRENCE LAW FIRM
3112 Windsor Road, Ste. A234
Austin, Texas 78703

Lory Sopchak
CARTWRIGHT LAW FIRM
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
*Counsel for Plaintiffs*

    */s/ Robert E. Valdez*
    Robert E. Valdez