United States District Court
Southern District of Texas
**ENTERED**
October 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARIA G. CAVAZOS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-368 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

The Court now considers the "Motion for Partial Dismissal Under Rule 9(b) and 12(b)(6),"[1] filed by Allstate Vehicle and Property Insurance Company ("Allstate"). The motion is now unopposed, as Maria and Humberto Cavazos ("Plaintiffs") did not file a response.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion for partial dismissal.

### I.      Background

Plaintiffs allege that their property sustained damage caused by "strong supercell thunderstorms" in May 2016.[3] Plaintiffs subsequently submitted an insurance claim to Allstate,[4] and thereafter filed suit in state court against Allstate and Eric Hunsicker ("Hunsicker") (collectively "Defendants"), claiming generally that Defendants conducted an inadequate inspection of their property and additionally have not fully paid Plaintiffs for sustained damage

---

[1] Dkt. No. 4.
[2] LR 7.2 of the Local Rules for the Southern District of Texas.
[3] Dkt. No. 1-2, at ¶ 9.
[4] *Id.* at ¶ 10.

under their insurance policy.[5] Ultimately, Allstate removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[6]

## II. Legal Standard

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[9] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[10]

Pursuant to Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[11] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[12] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[13] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[14] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not

---

[5] *Id.* at ¶¶ 11–13.
[6] Dkt. No. 1, at ¶ 7.
[7] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert. denied*, 552 U.S. 1182 (2008) (quotation marks omitted).
[8] *Twombly*, 550 U.S. at 555.
[9] *Id.*
[10] *In re Katrina Canal*, 495 F.2d at 205 (quoting *Twombly*, 550 U.S. at 555).
[11] 556 U.S. 662 (2009).
[12] *See id.* at 678–79.
[13] *See id.* at 679–80.
[14] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[15]

Moreover, Rule 9(b) heightens the traditional Rule 12(b)(6) pleading standard when the claim in question involves fraud: "In alleging fraud or mistake, a party must state with *particularity* the circumstances constituting fraud or mistake."[16] The Fifth Circuit has clarified what it means to state "with particularity" the circumstances constituting fraud: a party must allege the "[1] time, [2] place, and [3] contents of the false representations, as well as the [4] identify of the person making the misrepresentation and [5] what he obtained thereby."[17] This doctrine has expanded to include "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."[18] Thus, courts have consistently applied Rule 9(b)'s heightened pleading standard to Texas Insurance Code and conspiracy to commit fraud claims.[19] Some courts have been careful to distinguish between Texas Insurance Code provisions which are ultimately grounded in fraud and those that are not.[20]

### III. Discussion

Allstate contends that Plaintiffs' causes of action for statutory misrepresentation, fraud, and conspiracy to commit fraud do not meet the pleading standards of Rule 9(b).[21] As previously noted, such causes of action are subject to the heightened pleading standard of Rule 9(b).

#### a. Texas Insurance Code Misrepresentation

Regarding the misrepresentation allegations, Plaintiffs assert the following:

---

[15] *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 346–47 (2014).
[16] Fed. R. Civ. P. 9(b) (emphasis added).
[17] *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[18] *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. Mar. 31, 1998).
[19] *Id.* at 742; *see also U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (applying Rule 9(b) to conspiracy to commit fraud); *Patel v. Pac. Life Ins. Co.*, 2009 WL 1456526, at *18 (N.D. Tex. May 22, 2009) (applying Rule 9(b) to Texas Insurance Code § 541); *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. Mar. 11, 2009) (applying Rule 9(b) to Texas Insurance Code § 541).
[20] *See e.g.*, *Tiras v. Encompass Home & Auto Ins. Co.*, 2011 WL 5827298, at *4–6 (S.D. Tex. Nov. 17, 2011).
[21] Dkt. No. 4, at ¶¶ 15–21.


- [] Allstate has misrepresented to Plaintiffs [that] there was no damage to areas of the home that were damaged, and that all damage covered under the [insurance] [p]olicy has been accounted for, even though it has not been paid in full. [] Allstate's conduct constitutes a violation of the Texas Insurance Code . . . §541.060(a)(1).

- [] Allstate failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. . . . . Allstate's conduct is a violation of the Texas Insurance Code . . . §541.060(a)(3).

- [] Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

- [] Allstate and Hunsicker's [] unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).[22]

Plaintiffs fail to allege a Texas Insurance Code claim for misrepresentation upon which relief can be granted as they do not factually allege the particularities of the misrepresentation and do not explain what Defendants "received thereby" in exchange for their alleged misrepresentations.

### b.    Fraud and Conspiracy to Commit Fraud

Regarding the fraud and conspiracy to commit fraud allegations, Plaintiffs assert the following:

- [] Allstate and Hunsicker are liable to Plaintiffs for common law fraud.

- Defendants made material misrepresentations to Plaintiffs as to the extent of their damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the [insurance] [p]olicy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiffs which Defendants [] knew were false or made recklessly without any knowledge of their truth as a positive assertion.

---

[22] Dkt. No. 1-2, at ¶¶ 14, 16, 21, 25.

- The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements proximately causing Plaintiffs to suffer injury and damages[.]

- Defendants [] are liable to Plaintiffs for conspiracy to commit fraud. Defendants [] were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants [] committed an unlawful, overt act to further the object of the conspiracy. Plaintiffs suffered injury as a proximate result.[23]

Plaintiffs likewise fail to allege a fraud or conspiracy to commit fraud claim upon which relief can be granted as their allegations are conclusory in nature. Furthermore, they do not explain what Defendants "received thereby" in exchange for their alleged fraud or conspiracy.

### IV.     Holding

For the foregoing reasons, the Court **GRANTS** the motion for partial dismissal as to the misrepresentation, fraud, and conspiracy to commit fraud causes of action. Such claims are hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of October, 2017.

_____
Micaela Alvarez
United States District Judge

---

[23] *Id.* at ¶¶ 28–31.