Case 7:17-cv-00368   Document 14   Filed in TXSD on 12/12/17   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA G. CAVAZOS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-368 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers the "Opposed Motion to Remand or in the Alternative Request for Extension of Time to File a Motion to Remand,"[1] filed by Maria and Humberto Cavazos ("Plaintiffs"). As a preliminary matter, the Court notes that the instant motion does not contain a certificate of conference providing that Plaintiffs have conferred with Allstate Vehicle and Property Insurance Company ("Allstate") and Eric Hunsicker (collectively "Defendants") pursuant to Local Rule 7.1. The Court admonishes Plaintiffs' counsel to adhere to the Local Rules in future filings. After duly considering the record and relevant authorities, the Court **DENIES** the motion to remand and **DENIES** the request for an extension of time.

## I.   Background

Plaintiffs allege that their property sustained damage caused by "strong supercell thunderstorms" in May 2016.[2] Plaintiffs subsequently submitted an insurance claim to Allstate,[3] and thereafter filed suit in state court against Defendants, claiming generally that Defendants conducted an inadequate inspection of their property and additionally have not fully paid

---

[1] Dkt. No. 12.
[2] Dkt. No. 1-2, at ¶ 9.
[3] *Id.* at ¶ 10.

Plaintiffs for sustained damage under their insurance policy.[4] Ultimately, Allstate removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[5] Thereafter, Allstate filed a motion for partial dismissal as to the misrepresentation, fraud, and conspiracy to commit fraud causes of action,[6] which the Court granted.[7]

## II. Motion to Remand

The removing party bears the burden of establishing whether federal jurisdiction exists,[8] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[9] The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) unless the parties are completely diverse and the amount in controversy exceeds $75,000.[10] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[11] However, when state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that the amount in controversy exceeds $75,000.[12] Defendants can satisfy this burden by (1) showing it is "apparent from the claims of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."[13] A plaintiff can avoid federal jurisdiction "by stipulating at the time of the complaint that he would accept no more than [the jurisdictional amount]."[14] Furthermore,

---

[4] *Id.* at ¶¶ 11–13.
[5] Dkt. No. 1, at ¶ 7.
[6] Dkt. No. 4.
[7] Dkt. No. 8.
[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[9] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[10] 28 U.S.C. § 1332(a).
[11] *Id.* § 1446(c)(2).
[12] *Id.*; *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[13] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).
[14] *Garcia v. Kellog USA Inc.*, 2013 WL 4735169, at *3 (S.D. Tex. Sept. 3, 2013); *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]") (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

"[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[15]

### a. Analysis

Since the parties do not dispute diversity of citizenship, the Court must only determine whether the amount in controversy has been satisfied. Plaintiffs argue that the Court should remand the case because the amount in controversy does not meet the jurisdictional threshold.[16] Indeed, Plaintiffs inform the Court that they have attached a stipulation of damages, limiting damages to $75,000.[17]

The original petition provides "that Plaintiffs seek monetary relief, the maximum of which is not more than $75,000.00."[18] As previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy; however, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum of damages.[19] In Texas, the law does not permit a plaintiff to plead a specific sum of damages. Rather, Texas Rule of Civil Procedure 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages.[20] As a result, Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000, and thus, a specific demand such as Plaintiffs' cannot be deemed the amount in controversy because "[s]uch

---

[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[16] Dkt. No. 12, at ¶ 5.
[17] *Id.* at ¶ 4.
[18] Dkt. No. 1-2, at p. 11.
[19] 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d at 1410 (5th Cir. 1995) (face of plaintiff's pleading alleging damages below the jurisdictional amount will not control to prevent removal if pleading was made in bad faith); *see also* Tex. R. Civ. P. 47(b)–(c).
[20] Tex. R. Civ. P. 47(b)–(c).

manipulation is surely characterized as bad faith."[21] These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [P]laintiffs are attempting to avoid federal jurisdiction."[22] Thus, Plaintiffs' specific sum does not control the Court's analysis.

Plaintiffs' demand letter asserts $142,640.03 in actual damages.[23] As a result, the $75,000 amount in controversy requirement is easily met. Additionally, the stipulation of damages does not preclude federal jurisdiction for two reasons. First, there is no date on the stipulation of damages, so the Court is unable to determine whether such was made at the time Plaintiffs filed the original petition. Second, a stipulation is a binding contract between the parties,[24] and thus, Plaintiffs cannot unilaterally create such a stipulation. Accordingly, the motion to remand is therefore **DENIED**.

### III.   Motion for Extension of Time

In the instant motion, Plaintiffs follow their request for remand with a request for an extension of time. Specifically, the motion provides as follows: ""In the alternative, if the Court is not inclined to grant the [m]otion to [r]emand at this time, Plaintiffs request the Court grant it an extension to obtain an official estimate of the damages sustained and/or being claimed in the case."[25] Since the amount in controversy at the time of removal is controlling for a diversity jurisdiction analysis, Plaintiffs' request serves no purpose here. As a result, the alternative request for an extension of time is hereby **DENIED.**

---

[21] *Garcia v. Kellog USA Inc.*, 2013 WL 4735169, at *1 (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc., (Ohio)*, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pled an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction").
[22] *De Aguilar*, 47 F.3d at 1410.
[23] Dkt. No. 1-7, at p. 2.
[24] *Crixell v. Fidelity Nat'l Ins. Co.*, 2014 WL 12605586, at *3 (S.D. Tex. May 19, 2014).
[25] Dkt. No. 12, at ¶ 6.

## IV.     Holding

For the foregoing reasons, the Court **DENIES** the motion to remand and **DENIES** the request for an extension of time.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of December, 2017.

_____
Micaela Alvarez
United States District Judge